KLIMOWICZ *v.* PARKER, WEBB & CO.

Negligence—Contributory Negligence.

Where plaintiff entered on defendant's premises to apply for work and stood talking with a person near a wagon track as a heavily loaded truck of defendant passed, which was moving slowly, and plaintiff, although he knew that it would pass very near him and in spite of a warning call of the driver, failed to move out of the way and was injured by the rear wheel, as the wagon turned a curve near him, he was guilty of contributory negligence.

Error to Wayne; Murfin, J.  Submitted April 17, 1911. (Docket No. 63.)  Decided June 2, 1911.

Case by John Klimowicz against Parker, Webb & Company for personal injuries.  A judgment for defendant on a verdict directed by the court is reviewed by plaintiff on writ of error.  Affirmed.

*Henry C. L. Forler*, for appellant.

*Keena, Lightner & Oxtoby*, for appellee.

McALVAY, J. This suit was brought to recover damages for injury to plaintiff, caused by claimed negligence on the part of an employé of defendant. At the close of plaintiff's case the court, on motion of defendant, directed a verdict in its behalf. A judgment of no cause of action was entered on such directed verdict. Plaintiff seeks a reversal of such judgment in this court. The errors assigned relate to this action of the trial court.

The facts presented on the part of plaintiff are: That he was a laborer, who had resided in the city of Detroit 24 years, during which time he had worked mostly for the park board, when workmen were needed; that on October 28, 1909, he, being out of work, was looking for employment. He went upon defendant's yards on Michigan avenue in company with another man, and, seeing a man mixing mortar in a mortar box, asked if there was work there, and also to see the foreman. Passing near this mortar box upon these premises was a wagon way, along which the teams and trucks of defendant passed, hauling loads in the ordinary course of its business. This wagon way, just as it passes the mortar box, curves to the right. Plaintiff was standing between the traveled track and the mortar box during his talk with the workman. He saw a truck of defendant, heavily loaded with planks drawn by two horses, coming along the track towards him. It was coming slowly. When it was passing him following the track on the curve, the mortar man called out: "Look out! the truck will run over you." The other man walked out of danger, but plaintiff was struck on the heel of one foot by the hind wheel of the truck and injured. His testimony is that the front wheels passed about three feet from him. His witness says that this distance was about one foot. Plaintiff stood with his back towards the wagon track, but he distinctly saw the team coming, and gave the color of the horses, the kind of load they were hauling, the name of defendant lettered on the harness and painted on the truck.

It is not contended on the part of appellant that this

was a public way; on the contrary, it is admitted that it was upon defendant's premises. It is contended that the driver was negligent. The fact that the plaintiff's foot was injured is the only foundation for such a claim, and there is not coupled with it any evidence of carelessness on the driver's part. In disposing of the case the court held that, without reference to negligence on the part of defendant, the plaintiff's testimony showed that he was clearly guilty of contributory negligence, and could not recover. We agree with the trial court. The record would also have warranted a holding that no negligence of defendant was shown. This accident occurred in an open field, in broad daylight, where plaintiff, if he had exercised ordinary care, would have avoided injury.

The judgment of the circuit court is affirmed.

MOORE, BROOKE, BLAIR, and STONE, JJ., concurred.